[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2010
JOHN LEY
CLERK

No. 09-16346
Non-Argument Calendar

_____

D.C. Docket No. 09-21320-CV-JLK

CABANA CLUB APARTMENTS ASSOCIATES, LTD.,

Plaintiff-Appellant,

versus

PACIFIC INSURANCE COMPANY, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 8, 2010)

Before CARNES, MARCUS and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the grant of a motion to dismiss with prejudice by the district court, the Honorable James Lawrence King, in favor of defendant/appellee Pacific Insurance Company, Ltd. (Pacific), against plaintiff/appellant, Cabana Club Apartments Associates, Ltd. (Cabana Club).

Cabana Club is a low-income elderly housing project consisting of a West Building and an East Building in Miami, Florida. Pacific insured the two buildings for property damage.

In 2005, Hurricane Wilma struck South Florida and both Cabana Club buildings suffered significant damage as a result. There is no dispute between the parties that damage incurred by the hurricane was a covered loss under the Pacific policy.

A dispute arose when both parties could not agree on the dollar amount of damage caused by the hurricane and proceeded to appraisal. Included in the appraisal amount determined was $95,000 for elevator repairs. It was awarded to Cabana Club and Pacific paid the claim.

Thereafter, Cabana Club filed a second claim with Pacific for supplemental monies alleged to be needed to bring its elevators up to code standards. Pacific denied Cabana Club's claim. Cabana Club then filed a one-count breach of

2

contract action for Pacific's failure to consider its supplemental claim.

The district court found that the Florida Elevator Safety Code provides that an elevator may be altered after a qualified elevator contractor secures a permit from the Department of Business and Regulation. Fla. Stat. § 399.03(1). However, it determined that, in this case, a permit is not required to make repairs because these are not new elevators being "erected, constructed or installed." *Id*.

The statute expressly excludes repairs (of old elevators) from the definition of alterations (to new elevators). Fla. Stat. § 399.01(1). In addition, as Cabana Club did not show that any permit request had been rejected, the district court concluded that it was not plausible that Cabana Club was or would be denied a permit to repair.

The district court dismissed Cabana Club's complaint with prejudice. This appeal ensued.

We have reviewed the record, the briefs and the arguments of counsel. We find no error. We affirm the judgment of the district court.

AFFIRMED.